**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO.:**

**SARA REYNOLDS,**
**an Individual,**

**Plaintiff,**

**v.**

**DEDICATED SENIOR MEDICAL**
**CENTERS OF FLORIDA, LLC**
**a Florida Limited Liability Company,**

**Defendant.**
_____________________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

Plaintiff, **SARA REYNOLDS** ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, **DEDICATED SENIOR MEDICAL CENTERS OF FLORIDA, LLC** ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), seeking back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory

relief, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff is an adult individual.

3. Defendant is a Florida Limited Liability Company that is located and does business in Hillsborough County, Florida, and is therefore within the jurisdiction of this Court.

4. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Pasco County, Florida.

5. Plaintiff worked for Defendant in Hillsborough County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

6. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

7. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under federal law.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to

seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. At all times material, Plaintiff was protected during her employment with Defendant by the ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant.

11. At all times material, Plaintiff was protected during her employment with Defendant by the ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of her disability or "perceived disability," and her request for reasonable accommodation.

12. Defendant was at all times an "employer" as envisioned by the ADA as it employed in excess of fifteen (15) employees.

**CONDITIONS PRECEDENT**

13. On or around July 10, 2026, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

14. On or around July 28, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her federal discrimination claims within 90 days of her receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

**FACTUAL ALLEGATIONS**

17. Plaintiff worked for Defendant as a Primary Care Physician from May 5, 2025, until her termination on May 14, 2026.

18. During her tenure, Plaintiff was an excellent employee, who had no significant history of non-ADA/FMLA related attendance, performance, or disciplinary issues.

19. Unfortunately, Plaintiff suffers from severe cervical disc disease with radiculopathy that required a cervical discectomy and fusion surgical procedure.

20. On May 12, 2026, after a dispute about how to handle a new patient who was not understanding Defendant's care model, Plaintiff met privately with Defendant's Center Medical Director Dr. Claribel Cruz ("Dr. Cruz") and advised

Dr. Cruz that she was suffering from a flare up of her disability, particularly a worsening of Plaintiff's neck pain and headaches.

21. Plaintiff further advised that her neurosurgeon had recommended cervical spine surgery to take place as soon as possible, and was waiting to hear back regarding scheduling the surgery.

22. At that point, Plaintiff advised Dr. Cruz that she planned to submit paperwork for FMLA related leave and requested the reasonable accommodation of being permitted to take said leave to address her health conditions.

23. Plaintiff's pain, along with the patient dispute that occurred, left Plaintiff feeling distraught.

24. Therefore, Dr. Cruz handed Plaintiff a gift card for Massage Envy, and closed her schedule for the remainder of the day.

25. Merely two days after Plaintiff advised Dr. Cruz about her intent to utilize medical leave for her neck surgery, on May 14, 2026, Dr. Cruz informed Plaintiff that Defendant had decided to terminate her employment, effective immediately.

26. Defendant offered no cogent explanation for taking this extreme adverse employment action against Plaintiff.

27. It is clear that Defendant terminated Plaintiff because she suffered a disability/serious health condition, and required reasonable, non-burdensome

accommodation and/or FMLA leave for same.

28. Any other "reason" theorized after the fact by Defendant or its attorneys for Defendant's termination of Plaintiff's employment is pure pretext.

29. Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing her serious health condition and for attempting to take protected FMLA leave.

30. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

31. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

32. The timing of Plaintiff's disclosure of her serious health condition and her attempted use of protected FMLA leave, and Defendant's termination of her employment, demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

33. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

34. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job.

35. In reality, Defendant's termination of Plaintiff stemmed from its

discriminatory animus toward her disability and request for accommodation under the ADA.

36. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

37. The timing of Plaintiff's termination makes the causal connection between her use of reasonable accommodation under the ADA, and her termination sufficiently clear.

38. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

39. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

40. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8 through 9, 17 through 33, and 39 through 40, above.

42. At all times relevant hereto, Plaintiff was protected by the FMLA.

43. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

44. At all times relevant hereto, Defendant interfered with Plaintiff by discouraging her use of FMLA.

45. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

46. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8 through 9, 17 through 33, and 39 through 40, above.

48. At all times relevant hereto, Plaintiff was protected by the FMLA.

49. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

50. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for her attempted use of FMLA-protected leave.

51. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her attempted use of leave pursuant to the FMLA.

52. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

53. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III: DISABILITY DISCRIMINATION UNDER THE ADA FAILURE TO ACCOMMODATE

54. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 10, 12 through 28, 34 through 36, and 38 through 40, above.

55. The acts of Defendant, by and through its agents and employees,

violated Plaintiff's rights against disability discrimination under the ADA.

56. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

57. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to find reasonable accommodations, in violation of the ADA.

58. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

59. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

60. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT IV: RETALIATION UNDER THE ADA BASED ON DISABILITY**

63. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 11 through 28, 30, 34 through 37, and 39 through 40, above.

64. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

65. Plaintiff's request for reasonable accommodation constituted protected activity under the ADA.

66. Plaintiff was terminated as a direct result of her request for reasonable accommodation.

67. Plaintiff's protected activity, and her termination, are causally related.

68. Defendant's stated reasons for Plaintiff's termination are a pretext.

69. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

71. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

72. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

***(Remainder of page left intentionally blank)***

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 21st day of October, 2026.

Respectfully Submitted,

***/s/ Tanner M. Borges***

Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Attorneys for Plaintiff*